# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10064** |
| **ROBERT TANNER, ET AL.** | **SECTION: "S"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Kenneth Lee, a state prisoner incarcerated at the Rayburn Correctional Center ("RCC"), filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.  He sued Warden Robert Tanner, Deputy Wardens Keith Bickham and Beverly Kelly, Dr. Robert Cleveland, Emergency Medical Technician Laura Buckley, and other unidentified "Medical Nursing Officials."  In this lawsuit, plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs.

In order to conduct the screening mandated by federal law, the Court ordered production of plaintiff's medical records and administrative grievance records from RCC.[1]  In addition, the Court held a <u>Spears</u> hearing on July 9, 2019.  <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id.</u>

---

[1] The Court also ordered that those records be provided to plaintiff for his use in this proceeding.  The records have been filed into this federal record at Rec. Doc. 9.

At the Spears hearing, plaintiff testified that he is required to use a catheter.[2]  Although he was originally inserting the catheter himself, the doctor ordered that medical personnel begin performing that task.  However, plaintiff complains that the medical personnel refuse to follow that order.  In addition, they change the catheter only when then want, rather than every thirty days as the doctor ordered.  As a result, plaintiff has had to use the same catheter for up to two months.  Medical personnel also refuse to change his bandages as needed or supply him with a razor to shave the necessary area.[3]

Plaintiff also testified was "born crippled," and, as a result, he is required to use knee braces.  When he reported that his knee braces were "ripping apart," Dr. Robert Cleveland and Emergency Medical Technician Laura Buckley told plaintiff simply to have someone stitch them back together.  Although plaintiff did as instructed, the braces are unusable because the thread cuts into his knees.  He contends that he should be provided with new braces.  He further complains that he has been denied ankle braces.

Plaintiff explained that Warden Robert Tanner and Deputy Warden Keith Bickham were not personally involved in these incidents, but they have been named as defendants because they hold supervisory positions at RCC.

---

[2] Plaintiff's medical records from the University Medical Center Urology Clinic from April 25, 2019, state:

> Kenneth Lee is a 51 y.o. male who presents for f/u neurogenic bladder.  Patient has a history of stroke around 2010, voiding dysfunction since that time.  He was started on CIC [Clean Intermittent Catheterization] around that time, which became progressively more difficult over the years, and ultimately required SPT [Suprapubic Tube] Placement in July 2017.  7/13/17 EPA [Excision and Primary Anastomosis] urethroplasty was performed.  He had a RUG [Retrograde Urethrogram] and this showed no extravasation on 7/25 so foley per penis was removed.  Cysto in clinic on 9/27 showed no residual stricture disease, however patient wished to continue SPT at that time.

[3] Plaintiff additionally stated that, on one occasion, he submitted an emergency request to be brought to the medical unit because he was having a problem with the catheter, but Officer Ronnie Seals did not take plaintiff to the medical unit until hours later.  However, the Court notes that Seals has not been named as a defendant in this lawsuit.

## I.  Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, several of his claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

## II.  Plaintiff's Claims

A prisoner's rights under the Eighth Amendment are violated if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Here, plaintiff claims that the prison medical staff has failed to follow the doctor's orders regarding his catheter and to provide him with the necessary support and care required for

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

the catheter.  He also claims that he has been denied medically necessary knee and ankle braces. Several problems exist with respect to those claims.

First, to the extent that any of the defendants are being sued in their official capacities for monetary damages, those claims clearly fail because the defendants are employees of the Louisiana Department of Public Safety and Corrections.  "A suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment."  Chaney v. Louisiana Work Force Commission, 560 F. App'x 417, 418 (5th Cir. 2014); accord Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006); Watson-Buisson v. Louque, Civ. Action No. 12-1871, 2013 WL 5236611, at *1 (E.D. La. Sept. 13, 2013).[5]  "When the Eleventh Amendment applies, [federal] courts lack subject-matter jurisdiction over the claim." Bryant v. Texas Department of Aging and Disability Services, 781 F.3d 764, 769 (5th Cir. 2015).

Second, proper claims have not been stated against Warden Robert Tanner and Deputy Warden Keith Bickham.  Although those defendants hold supervisory positions at RCC, "§ 1983 does not give a cause of action based on the conduct of subordinates."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); accord Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions

---

[5] As the United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

of subordinates on any theory of vicarious liability."). Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson, 709 F.2d at 381. Here, Tanner and Bickham were not personally involved in plaintiff's medical care. Moreover, even if they failed to respond adequately to his administrative grievances or informal complaints regarding his medical care, that is not a basis for holding them liable, because an inmate does not have a constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Bonneville v. Basse, 536 F. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 F. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).[6]

Third, plaintiff's claims against unidentified "Medical Nursing Officials" is also improper. A "[p]laintiff may not pursue claims against the unidentified medical personnel .... A § 1983 action must be filed against an actual identified person." Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); accord Champion v. Parkland Jail Health, No. 3-09-CV-0689, 2009 WL 1904816, at *2 (N.D. Tex. July 2, 2009) ("To the extent plaintiff wants to sue the unidentified nurses ..., the federal rules do not permit him to do so. Unless and until plaintiff is able to identify the nurses, the court cannot direct service on the proper defendants."). That said, "[a] pro se plaintiff ... should be accorded leniency and should be permitted to amend his pleadings when it is clear from his complaint that there is a potential ground for relief." See Gallegos v. State of Louisiana Code of Criminal Procedures Art. 658 Paragraph A and C(4), 858 F.2d 1091, 1092 (5th Cir. 1988). Therefore, plaintiff should be granted leave to amend his complaint to properly identify the individual nurses who he alleges were deliberately indifferent

---

[6] The Court notes that Deputy Warden Beverly Kelly is also a supervisory official. However, at the Spears hearing, plaintiff alleged that Kelly was personally involved in decisions regarding his medical care. Therefore, the claim against her should be allowed to proceed pending further development and review.

to his serious medical needs.  See Evans v. Tarrant County Sheriff's Department, No. 92-1894, 1993 WL 67154, at *1 (5th Cir. Mar. 1, 1993) ("[Plaintiff] alleged … that he was denied adequate medical treatment. … [T]he district court should permit [him] to amend his complaint to name the specific individuals who allegedly deprived him of his constitutional rights ….").[7]

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that all of plaintiff's official-capacity claims for monetary damages be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Warden Robert Tanner and Deputy Warden Keith Bickham be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the unidentified "Medical Nursing Officials" be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff be granted leave to file an amended complaint to properly name the individual nurses who allegedly were deliberately indifferent to his serious medical needs.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims against Deputy Warden Beverly Kelly, Dr. Robert Cleveland, and Emergency Medical Technician Laura Buckley be allowed to proceed pending further development and review.

---

[7] This recommendation does not mean that the Court necessarily finds that plaintiff is entitled to relief regarding his claims.  On the contrary, for example, it appears that plaintiff is primarily alleging that his receipt of necessary medical care relating to his catheter was simply *delayed*.  However, a "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm*."  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Nevertheless, at this early stage of this proceeding, plaintiff's claims are not yet fully developed, and, therefore, the issue of whether he has suffered "substantial harm" is more appropriately left to another day.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___6th___ day of September, 2019.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**